UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
DEMILADE AKIN-OLUGBADE,   :        CASE NO. 1:12-CV-464
                                           :
           Plaintiff,               :
                                           :
vs.                                     :        OPINION & ORDER
                                           :        [Resolving Doc. No. 1]
CITY OF CLEVELAND, OHIO,    :
                                           :
           Defendant.            :
                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Demilade Akin-Olugbade filed this action against the defendant City of Cleveland, Ohio. In the Complaint, plaintiff alleges defendant destroyed his property located at 2176 East 83rd Street in Cleveland, Ohio and did not notify him of the destruction. He seeks monetary relief.

Plaintiff has also filed a Motion to proceed *in forma pauperis*. (Doc. 2). That Motion is granted.

**I. Background**

The Complaint is extremely brief. Plaintiff asserts he is the owner of real property located at 2176 East 83rd Street in Cleveland, Ohio and that defendant City of Cleveland destroyed this property. (Doc. 1 at ¶¶ 1, 2). He maintains defendant did not notify him of the destruction of his property and was negligent. (Doc. 1 at ¶ 3). In a hand-written attachment to his Complaint, plaintiff further states that he "lost my property and wish to sue for the destruction of my property at 2176 East 83rd Street." (Doc. 1 at p. 2). Plaintiff does not provide any further factual information

regarding the alleged destruction of his property, nor does he explain the legal basis for his claims. He seeks damages in the amount of $300,000. (Doc. 1 at ¶ 4).

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Pursuant to *Iqbal*, *supra*, the Court finds the Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face" relating to the destruction of his property. While plaintiff alleges generally that defendant failed to notify him his property was destroyed and was negligent, he does not plead sufficient facts to support these allegations. For example, plaintiff fails to allege any facts regarding the circumstances surrounding the destruction of his property, such as when and why it was destroyed. It is also unclear from the Complaint whether the property was physically razed or if it was "destroyed" in some other fashion, i.e. rendered inhabitable. Moreover, while plaintiff alleges generally that defendant was negligent, he does not explain the basis for this claim; i.e. the specific actions on defendant's part that were allegedly negligent or how defendant violated a duty to plaintiff. It is also unclear whether plaintiff is asserting separate causes of action for "failure to notify" and negligence, or if his negligence claim is based on defendant's alleged failure to provide notification of the destruction of his property.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. As set forth *supra*, a complaint's factual allegations must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While a plaintiff need not plead detailed facts, the complaint "must give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008).

The Complaint in the instant case is conclusory in nature and fails to provide sufficient

factual matter to provide defendant fair notice of plaintiff's claims. Accordingly, the Court finds the Complaint is insufficient to state a claim upon which relief could be granted. However, in light of plaintiff's *pro se* status, the Court will dismiss the instant action without prejudice to allow plaintiff the opportunity to re-file his action in a manner that satisfies the pleading requirements of Federal Rule of Civ. Proc. 8.

### IV. Conclusion

Accordingly, this action is dismissed without prejudice under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: May 22, 2012             *s/            James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."